UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BYRON THOMAS D/B/A/** | § | |
| **"DJ MANNIE FRESH"** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.:_____** |
| | § | |
| **ACTIVE PARK, LLC.;** | § | |
| **PROSPECT PARK;** | § | **DEMAND FOR JURY TRIAL** |
| **MOHEED MERTINS, individually;** | § | |
| **STEVEN ROGERS, individually; and** | § | |
| **ROBERT WRIGHT, individually** | § | |
| **DEFENDANTS.** | § | |

## ORIGINAL COMPLAINT AND ASSIGNMENT OF CLAIM
## for TRADEMARK INFRINGEMENT, MISAPPROPRIATION, AND CIVIL CONSPIRACY

      **COMES NOW** Byron Thomas, Plaintiff herein, and files this Original Complaint against Active Park, LLC., Prospect Park, Mojeed Mertins, individually; Johnathan Reitzal, individually; Steven Rogers, individually; and Robert Wright, individually, Defendants herein, and would show the Court as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for federal causes of action which include trademark infringement under 15 U.S.C. § 1114(1), and trade dress infringement under 15 U.S.C. § 1125(a)(3), and state causes of action which include defamation per se, misappropriation of Plaintiff's name or likeness, and civil conspiracy.

2.    Defendants' malicious actions have caused irreparable injury and public embarrassment to Plaintiff's reputation as a businessman, along with his character, and the integrity of Plaintiff's pending trademark.

3.    Plaintiff asks this Court to grant relief for Defendants infringing on Plaintiff's pending

registered trade mark, infringing on Defendants' misappropriating on Plaintiff's name, and civil conspiracy between Defendants.

4.      Plaintiff also seeks statutory damages, economic damages, non-economic damages, exemplary damages, restitution, attorney fees, and court costs as requested subsequently.

## II.    PARTIES

5.      Plaintiff Byron Thomas is a Texas resident, and may be served through its attorney, Roxell Richards Law Firm, Roxell Richards, 6420 Richmond Avenue, Suite 135, Houston, Texas, 77057.

6.      Defendant, Active Park, LLC may be served through its registered agent Albert VanHuff at his residence located at 1225 N. Loop W., Suite 640, Houston, Texas, 77008, or wherever he may be found.

7.      Defendant, Prospect Park, may be served through its registered agent Albert VanHuff at his residence located 1225 N. Loop W., Suite 640, Houston, Texas, 77008, or wherever he may be found.

8.      Defendant, Mojeed Mertins may be served at his residence located at 1200 S. Post Oak Lane, Houston, Texas, 77057, or wherever he may be found.

9.      Defendant, Jonathan Reitzal may be served at his residence located at 2525 Voss Road, Apartment. 445, Houston, Texas, 77057, or wherever he may be found.

10.     Defendant, Steven Rogers may be served at 2525 McCue Road, Apartment 522, Houston, Texas, 77056, or wherever he may be found.

11.     Defendant, Robert Wright may be served at 5810 Cinnamon Creek Circle, Houston, Texas, 77084, or wherever he may be located.

### III.    JURISDICTION AND VENUE

12.     This Court has subject-matter jurisdiction over the trademark infringement claim under  15 U.S.C. §§ 1051, *et seq*., (the Lanham Act), 28 U.S.C. § 1331 (actions arising under U.S. laws), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to trademarks).

13.     This Court has supplemental jurisdiction over Plaintiff's state claims for defamation per se, misappropriation, and civil conspiracy under 28 U.S.C. § 1367(a) because they are related to Plaintiff's trademark infringement and trade-dress infringement, which are within this Court's original jurisdiction, and these claims form part of the same case or controversy under Article III of the United States Constitution.

14.     This Court has personal jurisdiction over all parties, as both Plaintiff and Defendant reside in Texas.

15.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in Harris County, Texas, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

### IV.    FACTS

16.     Plaintiff is a renown musical artist, song writer, and producer.

17.     Plaintiff's productions have moved over 23 million units and is known to be half of the brains behind the famous Cash Money Record Label.

18.     Plaintiff owns the "DJ Mannie Fresh" service mark ("Mark").

19.     Plaintiff has duly and properly registered the service mark (No. 87690344) in the United States Patent and Trademark Office ("USPTO") on the Principal Register and is

pending approval. A true and correct copy of the pending registration certificate is attached to this complaint as Exhibit A and incorporated herein by reference.

20.     The federal trademark registration of the Mark is pending, but has been in commerce for over two decades, which provides conclusive evidence of Plaintiff's right to use the Mark in commerce.

21.     Plaintiff has not transferred, assigned, or conveyed any right to use its Mark, and remains the owner of the Mark in all respects.

22.     Use and pending registration of the Mark establishes that Plaintiff has a senior trademark right; there is no question of priority of rights, as such priority clearly belongs to Plaintiff.

23.     Plaintiff owns the domain name www.djmanniefresh.com, and maintains a website under the domain name. Plaintiff also owns the name "DJ Mannie Fresh" which Plaintiff uses to market his services to potential clients and to provide performing, producing, and song writing services to clients.

24.     Plaintiff has used the pending registered name "DJ Mannie Fresh" as a stage and artist name prior to Defendants placing the name on a flyer to advertise for an event on February 5, 2017. Defendant maintains a webpage www.prospectparkrestaurant.com, which contained Plaintiff's image and pending registered mark/name. True and correct copies of Defendant's Infringing name on Defendants' website are attached as Exhibit B.

25.     Defendants used the pending registered name "DJ Mannie Fresh" on a flyer posted on Defendant Prospect Park's Facebook webpage. True and correct copies of Defendant's Infringing name on Defendant's Facebook webpage are attached as Exhibit C.

26.     On or about February 5, 2017, Defendants held a party ("Super Sunday Daytime Party"), which they promoted using Plaintiff's name without his authorization.

27.     Defendants have actively used Plaintiff's Mark throughout their Infringing Flyer, which was posted on their Webpage, Facebook, and Eventbrite.

28.     On or about January 23, 2017, Plaintiff requested that defendant remove his name and his photo from Defendants flyer, website, Facebook webpage, Eventbrite promotion page, https://www.eventbrite.com/e/super-bowl-weekend-at-prospect-park-restaurants-eat-drink-lounge-featuring-the-nations-top-athletes-tickets-30804513128#, and anywhere else that the flyer may be posted, promoting DJ Mannie Fresh.

29.     When defendant requested the removal of his name, Defendant became angry, refused to remove Plaintiff's name, and refused to compensate him for the false advertisement.

30.     On or about January 25, 2017, Plaintiff's counsel requested that Defendants cease and desist the false advertisement with Plaintiff's name, brand, and face associated with the flyer.

31.     On or about August 3, 2017, Plaintiff's counsel again sent a demand letter requesting Defendant to make Plaintiff whole.

32.     As a result of Defendants' actions, Plaintiff incurred both economic and non-economic damages. The damage to the integrity, honesty of Plaintiff's Mark is incalculable and irreparable, as Defendants' actions have caused Plaintiff public humiliation and embarrassment.

## V.     CLAIM 1—TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)

33.     Plaintiff hereby incorporates by reference each and every allegation contained in the

preceding paragraphs as if set forth fully herein.

34.     Elements of the Claim. Under the Lanham Act, infringement exists if a person:

   a.  uses any reproduction, counterfeit, copy, or colorable imitation of a mark;

   b.  without the registrant's consent;

   c.  in commerce;

   d.  in connection with the sale, offering for sale, distribution, or advertising of any goods;

   e.  where such use is likely to cause confusion, or to cause mistake or to deceive.

       15 S.C. § 1114(1).

35.     *The elements are satisfied as follows:*

   a.  *Defendants used Plaintiff's Mark.* Defendant displayed the Mark on her flyer posted
       on their webpage and around the City of Houston, and used the word mark on a flyer
       to advertise for a party during NFL Superbowl 51 celebrations.

   b.  *Defendants did not have Plaintiff's consent.* Defendants did not have Plaintiff's
       permission to place his pending trademark name or picture on the advertisement flyer.
       When Plaintiff requested Defendants to remove his name, Defendants refused.

   c.  *Defendants used the Mark in commerce.* This Court has said that a Mark is used in
       commerce if it is visible to the public, irrespective of whether sales actually occurred
       while the mark was in use. *Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC*,
       No. 3:12-CV-0548-D, 2014 U.S. Dist. LEXIS 20666, at *13 (N.D. Tex. Feb. 19,
       2014) (holding that a publicly visible sign on an inoperative hotel constituted "use in
       commerce"). Defendants used the Mark in commerce when the displayed the Mark on

a flyer, passing the flyer throughout the City of Houston and the placing the flyer on their website. Ex. B.

d. *Defendants used the Mark in connection with advertising*. This Court has said that merely advertising a mark is an act of infringement, apart from any manufacturing or sale. *Id*. Defendants advertised the Mark when they displayed the Mark on the flyer and then placed it on www.prospectparkrestaurants.com, and when Defendants directed readers of social media websites to the flyer through Defendant's Facebook Post and event invite. Ex. C.

e. *Defendants' use was likely to deceive consumers*. Defendants' Infringing Flyer, including the Infringing photo, bears a copy or simulation of Plaintiff's Mark that is identical to or substantially indistinguishable from Plaintiff's Mark in appearance, sound, meaning, and commercial impression, such as that the use and registration thereof is likely to cause confusion, mistake, and deception as to the authorization and/or certification of Defendants' Infringing Flyer, and that the public is likely to be confused, deceived, and to assume erroneously that Defendants' Infringing Flyer was certified by Plaintiff or that Defendants are in some way connected with, licensed, authorized, certified by, or affiliated with Plaintiff, and will irreparably injure and damage Plaintiff and the goodwill and reputation symbolized by Plaintiff's Mark.

36. *Plaintiff incurred damages.* Plaintiff has been damaged by Defendants' conduct, including but not limited to economic, restitution, and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law for all of the possible damages stemming from Defendants' conduct.

37.     Plaintiff hereby reserves the right, pursuant to 15 U.S.C. § 1117(c) to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

38.     As Defendants' infringement was intentional and willful, Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

39.     Plaintiff also asks the Court to issue an injunction preventing further infringement.

## VI.     CLAIM 2—COMMON LAW MISAPPROPRIATION

40.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

41.     *Elements of the claim.* To prove a cause of action for misappropriation, a plaintiff must prove the following elements:

    a.  the defendant appropriated the plaintiff's name or likeness for the value associated with it, and not in an incidental manner or for a newsworthy purpose;

    b.  the plaintiff can be identified from the publication; and

    c.  there was some advantage or benefit to the defendant.

*Benavidez v. Anheuser Busch, Inc*., 873 F.2d 102, 104 (5th Cir. 1989) (citations omitted); *see Matthews v. Wozencraft*, 15 F.3d 432, 438 (5th Cir. 1994); *see also Henley v. Dillard Dep't Stores*, 46 F. Supp. 2d 587, 590 (N.D. Tex 1999).

42.     *The elements are satisfied as follows:*

    a.  *Defendants appropriated Plaintiff's name or likeness for the value associated with it.*

        Defendants appropriated Plaintiff's name by publishing Plaintiff's Mark to the Infringing Flyer under the Infringing name "DJ Mannie Fresh" with the knowledge that Plaintiff's name is known for his services to existing clients and potential clients

and to provide performing, producing, and song writing services to clients. Defendants used Plaintiff's name and photos of Plaintiff on the Infringing Flyer in order to monopolize and confuse consumers based off on the value associated with Plaintiff's name. Ex. C.

b. *Plaintiff can be identified from the publication.* Plaintiff can be identified from the publication because the publication—the Infringing Flyer—specifically contains Plaintiff's name and photo of Plaintiff, as well as Plaintiff's Mark. Ex. C.

c. *Defendants benefitted from the publication.* A plaintiff is not required to prove that a defendant made a profit or secured a tangible benefit from use of the plaintiff's name or likeness, simply that the defendant benefitted in some way. *Henley*, 46 F. Supp. 2d at 597. Defendants intended to confuse consumers from Plaintiff's name and picture being on the Infringing Flyer—to harm the Plaintiff's Mark with the intent to tarnish or disparage Plaintiff's Mark by creating a likelihood of confusion as to the source, affiliation, or endorsement of the party, which Plaintiff would not be attending. Defendants benefitted from the publication because they received more consumers than it would have been without the Infringing Flyer. Ex. C.

43.     *Plaintiff incurred damages*. Plaintiff seeks economic damages from Defendant, an injunction preventing further misappropriation, and exemplary damages pursuant to section 41.003(a)(2) of the Texas Civil Practice & Remedies Code, in that Defendant intended to misappropriate Plaintiff's name or likeness to cause substantial injury or harm to Plaintiff. Plaintiff incurred damages when Defendants refused to remove the Plaintiff from the Infringing Flyer, because of the refusal Plaintiff was unable to book other engagements because other establishments and promoters believed that Plaintiff will be in Defendants'

establishment.

## VII.    CLAIM 3—CIVIL CONSPIRACY

44.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

45.     All Defendants are parties to the civil conspiracy.

46.     Defendants conspired to do unlawful acts—namely misappropriate the name of Plaintiff "DJ Mannie Fresh," and infringe and dilute the DJ Mannie Fresh Mark.

47.     Defendants committed overt acts in furtherance of their conspiracy, including those alleged against respective Defendants in the paragraphs incorporated above.

48.     Plaintiff, has suffered and continues to suffer irreparable harm as a result of Defendants' civil conspiracy.

49.     Plaintiff is entitled to injunctive relief under general principles of equity.

50.     Plaintiff does not have an adequate remedy at law and will suffer imminent, irreparable harm in the absence of the injunction because he cannot be adequately compensated in damages and Defendants have shown that they will conspire again to misappropriate Plaintiff and other performing artists' names unless they are enjoined. Defendants' conspiracy and their overt acts in furtherance of the conspiracy harm the Plaintiff's reputation and harm his mark.

51.     Defendants would suffer *no* harm if they are enjoined from conspiring together to commit the unlawful acts of misappropriation, and trademark infringement.

52.     Finally, an injunction would not disserve the public's interest. If anything, such an injunction would serve the public interest because the public deserves to be led astray by Defendants' unauthorized use of Plaintiff's name, mark, picture, and trade name.

## VIII.   ECONOMIC AND ACTUAL DAMAGES

53.     Plaintiff sustained damages due to Defendant's actions in violation of Plaintiff's registered trademark, misappropriation, and civil conspiracy and claims the following damages:

    a)  Actual damages;

    b)  noneconomic damages for injury to reputation;

    c)  Statutory damages, pursuant to 15 U.S.C. § 1117(c), trebled for willfulness;

    d)  common law damages as determined by trial, including exemplary damages appropriate for Defendants' actions constituting defamation per se;

    e)  reasonable and necessary attorney fees pursuant to the Lanham Act;

    f)  costs of court; and

    g)  all other relief to which Plaintiff is entitled in law or in equity.

## IX.      JURY DEMAND

54.     Plaintiff requests trial by jury of all claims.

## X.      PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendant be cited to appear and answer herein and that, upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

Roxell Richards
BN: 24049753
Roxell Richards Law Firm
6420 Richmond Avenue #135
Houston, TX 77057
T: (713) 974-0388
F: (713) 974-0003
paralegal@roxellrichards.com